**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

**SEIFULLAH CHAPMAN,**

    Movant,

  **v.**

**UNITED STATES,**

    Respondent

**Criminal Case No. 03-296-A**

---

**SUCCESSIVE MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255**

---

COMES NOW the Petitioner, Seifullah Chapman, through undersigned counsel, and respectfully moves this Honorable Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (2012).  In support thereof, Mr. Chapman submits the following:

**Introduction**

Under the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), three of Mr. Chapman's convictions were obtained in violation of the Fifth Amendment of the United States Constitution, and those convictions and sentences must be vacated.

The Court convicted Mr. Chapman of three counts under 18 U.S.C. § 924 that required proof beyond a reasonable doubt that he acted in furtherance of a crime of violence as defined by 18 U.S.C. § 924(c)(3).  *United States v. Khan*, 309 F. Supp. 2d. 789, 822-27 (E.D. Va. 2004); *see* 18 U.S.C. § 924(c), (o) (2012).  The Court determined that either of Mr. Chapman's other two convictions—both conspiracies—could serve as the predicate

1

crimes of violence necessary to convict Mr. Chapman of the three Section 924 counts. *Khan*, 309 F. Supp. 2d. at 822-27. Mr. Chapman's predicate conspiracy offenses cannot and do not qualify as crimes of violence under either the residual or force clause of Section 924(c). The predicate conspiracy offenses cannot qualify as crimes of violence under Section 924(c)'s residual clause because that clause is unconstitutionally vague in light of the Supreme Court's ruling in *Johnson*, 135 S. Ct. at 2557, and the predicate conspiracy offenses do not qualify as crimes of violence under the definition provided in Section 924(c)'s force clause, *see* 18 U.S.C. § 924(c)(3)(A).

Mr. Chapman is therefore entitled to relief under Section 2255 because the convictions and sentences he received under Section 924 were "imposed in violation of the Constitution . . . [and] the court was without jurisdiction to impose such sentence[s]." *See* 28 U.S.C. § 2255(a). Mr. Chapman has timely filed his application, *see* § 2255(f), and he may collaterally attack his convictions and sentences in light of *Johnson* in a successive Section 2255 application because the Supreme Court in *Johnson* announced a new, previously unavailable rule of constitutional law that the Supreme Court made retroactive on collateral review. *See* § 2255(h); *Johnson*, 135 S. Ct. at 2557.

Accordingly, Mr. Chapman respectfully requests that that the Court grant his Motion, vacate and set aside his Section 924 convictions and the sentences imposed for each Section 924 conviction, and immediately discharge him from federal custody.

**Statement of Facts**

**A. Convictions and Sentencing**

On March 4, 2004, after a bench trial, the Court found Mr. Chapman guilty of five counts. *Khan*, 309 F. Supp. 2d. at 818-27. Two of Mr. Chapman's convictions are for

2

conspiracies: conspiracy pursuant to 18 U.S.C. § 371 (2012) ("Section 371 Conspiracy") and conspiracy to contribute material support to a terrorist organization pursuant to 18 U.S.C. § 2339A (2012) ("Material Support Conspiracy"). *Id.* at 818-22. For Mr. Chapman's Section 371 Conspiracy, the Court found that he participated in one conspiracy with three objects. *Id.* at 818-20; *see* 18 U.S.C. § 371.[1] For Mr. Chapman's Material Support Conspiracy, the Court found that, in violation of 18 U.S.C. § 2339A, he conspired "to provide material support or resources or conceal or disguise the nature, location, source, or ownership of material support or resources" with knowledge or intention that such material support would be used to violate 18 U.S.C. § 956 (2012). *Id.* at 821-22 (relying on § 2339A).

In addition to the conspiracies, the Court found Mr. Chapman guilty of three Section 924 violations ("Section 924 Convictions"). *Id.* at 823-27; *see* 18 U.S.C. § 924(c), (o). The Court convicted him of conspiring to possess and use firearms in furtherance of a crime of violence under Section 924(o), possession of a firearm in furtherance of a crime of violence under Section 924(c), and use of a firearm in furtherance of a crime of violence under Section 924(c). *Id.* at 823-27. The Court found that the predicate offenses—that is, the "crimes of violence" that the government charged Mr. Chapman with acting "in furtherance of" in each of the Section 924 Convictions—were his Section 371 Conspiracy and Material Support Conspiracy convictions. *Id.*; *see* 18 U.S.C. § 924(c)(3)(B).

The Court initially sentenced Mr. Chapman to a term of imprisonment of 1,020 months (85 years). Judgment, *Khan*, 309 F. Supp. 2d 789 (E.D. Va. 2004) (ECF No. 543).

---

[1] The Court found that the three objects of Mr. Chapman's Section 371 Conspiracy were two Neutrality Act violations under 18 U.S.C. § 960 (2012) and one 18 U.S.C. § 924(g) violation. *Id.*

The Court reduced his sentence to 780 months (65 years) after the Supreme Court's decision in *United States v. Booker*. Judgment on Re-sentencing, *Khan*, 309 F. Supp. 2d 789 (E.D. Va. 2004) (ECF No. 600). The sentences imposed by the Court at the resentencing hearing and the time Mr. Chapman has left to serve on each sentence are summarized in the chart below:

| Conviction | Sentence Imposed | Time Remaining |
|---|---|---|
| Section 371 Conspiracy | 60 months | Sentence Complete |
| Material Support Conspiracy | 120 months (concurrent with Section 371 Conspiracy) | Sentence Complete |
| Section 924(o) | 120 months (concurrent with Section 371 Conspiracy and Material Support Conspiracy) | Sentence Complete |
| Section 924(c) (two convictions) | 660 months in total (consecutive to the other sentences) | Approximately 53 years left to serve |

During Mr. Chapman's sentencing and resentencing hearings, the Court expressed its displeasure with the sentence lengths it was required to impose on Mr. Chapman for his Section 924(c) convictions. *See* Tr. of Sentencing Hr'g at 83 lns. 9-14, *Khan*, 309 F. Supp. 2d 789 (E.D. Va. 2004) ("[Court:] What Mr. Chapman has been found guilty of is a serious crime, but there are murderers who get far less time than this, and I have sentenced Al-Qaeda members who were planning real attacks on these shores for far less time than this man has to get from the Court today, and I have to tell you that this is sticking in my craw."); Tr. of Resentencing Hr'g at 18 ln. 17, 35 ln. 17, *Khan*, 309 F. Supp. 2d 789 (E.D. Va. 2004) (referring to Mr. Chapman's Section 924(c) sentences as "draconian" and "too long").

Mr. Chapman has been in the custody of the Federal Bureau of Prisons since 2004. As demonstrated in the chart above, he has served the entirety of his concurrent sentences for the Section 371 Conspiracy, the Material Support Conspiracy, and the 924(o) convictions. He has approximately 53 years remaining on his sentences for his Section 371 Conspiracy and Material Support Conspiracy convictions. Thus, he is currently serving a *de facto* life sentence for convictions that this Motion will demonstrate violate his Fifth Amendment right to due process. *See Johnson*, 135 S. Ct. at 2557.

## B.  Direct Appeal

Mr. Chapman unsuccessfully appealed his convictions to the United States Court of Appeals for the Fourth Circuit. *United States v. Khan*, 461 F.3d 477 (4th Cir. 2006). On appeal, he argued that there was insufficient evidence to support his convictions; he should have been tried separately from his codefendants; he did not properly waive his constitutional right to a jury; he was convicted of conspiring to conspire; he should not have been convicted more than once for offenses relating to the same episode; his convictions under Section 924(c) were unconstitutionally long; the government violated his Sixth Amendment right to confront his accuser; his *Miranda* rights were violated upon his arrest; and he should have been allowed to conduct discovery on his selective prosecution claim. *Id.* at 487-98. After the Fourth Circuit denied his appeal, Mr. Chapman submitted a petition for writ of certiorari, which the Supreme Court denied. *Chapman v. United States*, 550 U.S. 956 (2007).

## C.  Previous Section 2255 Application

In 2008, Mr. Chapman moved to vacate and set aside his sentence under 28 U.S.C. § 2255. *United States v. Chapman*, No. 1:03cr296 (LMB)/1:08cv517 (LMB), at 1, 3 (E.D.

Va. Dec. 23, 2008).   Mr. Chapman argued that he received ineffective assistance of counsel; he could establish his innocence of some of his convictions through new evidence; he was charged with a constructively-amended indictment; and he was entitled to further discovery concerning the government's disclosures required by *Brady*.  *Id*. at 1.  The Court denied his motion.  *Id*.  The Fourth Circuit affirmed.  *United States v. Chapman*, No. 10-6338, 2010 WL 3938213, at *1 (4th Cir. Oct. 4, 2010).

**D.  Present Section 2255 Application**

On June 26, 2015, the Supreme Court in *Johnson v. United States* held that ACCA's residual clause violated the Fifth Amendment Due Process Clause because it was void for vagueness.  135 S. Ct. at 2557.  In so doing, the Supreme Court announced a new rule of constitutional law, which was previously unavailable, that it made retroactive on collateral review.  *See* 28 U.S.C. § 2255(h)(2).  The instant Motion demonstrates that, because *Johnson*'s holding necessarily extends to Section 924(c)'s residual clause, Section 924(c)'s residual clause is also void for vagueness.  Mr. Chapman is bringing this Motion to assert that his Section 924 Convictions, which required proof beyond a reasonable doubt that he acted in furtherance of a crime of violence under Section 924(c), were obtained in violation of his Fifth Amendment due process rights and thus both the convictions and their sentences must be vacated.[2]

---

[2] Further, because Mr. Chapman was charged with conduct under Section 924 that did not constitute a crime, his indictment suffered from a non-waivable jurisdictional defect. *See United States v. Brown*, 752 F.3d 1344, 1352 (11th Cir. 2014) (citing *United States v. Peter*, 310 F.3d 709, 714 (11th Cir. 2002)) ("[T]here is [jurisdictional defect] when the indictment affirmatively alleges conduct that does not constitute a crime at all because that conduct falls outside the sweep of the charging statute."); *cf*. 28 U.S.C. § 2255(a) (stating prisoner may collaterally attack his sentence when "the court was without jurisdiction to impose such sentence").

## Standard of Review

Under Section 2255, "[a] federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court 'to vacate, set aside or correct the sentence.'" *Villacorta v. United States*, No. 4:09cr30, 2014 WL 1415335, at *1 (E.D. Va. Apr. 11, 2014) (quoting 28 U.S.C. § 2255(a)).  The movant bears the burden to show by a preponderance of the evidence that his conviction "was imposed in violation of the Constitution or the laws of the United State, or that the court was without jurisdiction to impose such sentence." *Id.* (quoting 28 U.S.C. § 2255(a)); *see also Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).  If the movant is successful, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).

## Argument

This Motion proceeds in two parts.  In Section A, Mr. Chapman establishes that he has timely filed the Motion within one year after the Supreme Court's decision in *Johnson*. *See* 135 S. Ct. 2551.  In this section, Mr. Chapman also demonstrates, as previously asserted in his *Motion for an Order Pursuant to Local Rule 22(d) Authorizing District Court to Consider a Successive Application Under 28 U.S.C. § 2255* filed in the Fourth Circuit, that the Court may entertain a successive collateral attack to his convictions and sentences because his Motion contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. §§ 2255(h)(2), 2244(b) (2012).

In Section B of the Motion, Mr. Chapman demonstrates that, under the Supreme Court's ruling in *Johnson*, his Section 924 Convictions were obtained in violation of the

Fifth Amendment to the United States Constitution and thus those convictions and their sentences must be vacated.   Mr. Chapman's Section 924 Convictions required proof beyond a reasonable doubt that he acted in furtherance of a crime of violence as that term is defined under the force or residual clauses of Section 924(c).  In *Johnson*, the Supreme Court analyzed ACCA's residual clause, a statutory provision materially similar to Section 924(c)'s residual clause.  *See United States v. Edmundson*, No. CR PWG-13-15, 2015 WL 9582736, at *3 (D. Md. Dec. 30, 2015).  The Supreme Court held that ACCA's residual clause denied defendants fair notice and encouraged arbitrary enforcement, thereby violating defendants' Fifth Amendment due process rights.  *Johnson*, 135 S. Ct. at 2557.

For the reasons set forth below, *Johnson*'s holding equally applies to the residual clause of 18 U.S.C. § 924(c) because Section 924(c)'s residual clause suffers from the same constitutional infirmities as ACCA's residual clause.   Additionally, his predicate conspiracy convictions do not qualify as crimes of violence under Section 924(c)'s force clause because the statutory provisions of those convictions do not contain as an element "the use, attempted use, or threatened use of physical force against the person or property of another."  *See* 18 U.S.C. § 924(c)(3)(A).  Thus, Mr. Chapman's Section 924 Convictions violate his Fifth Amendment right to due process and they, along with the sentences attached to them, must be vacated.

## A. Mr. Chapman's Motion is Timely and Satisfies Section 2255's Gatekeeping Provisions.

Before this Motion addresses its central argument—that Mr. Chapman's Section 924 Convictions were obtained in violation of the Fifth Amendment to the United States Constitution—it will demonstrate that Mr. Chapman has filed within the applicable statute

of limitations and that he is entitled to collaterally attack his sentences for his Section 924 Convictions in light of *Johnson*.

> **i.   Mr. Chapman's Motion is within the Statute of Limitations.**

A one-year statute of limitations governs Section 2255 applications.  28 U.S.C. § 2255(f).  Section 2255(f)(3) states, in relevant part, that "[t]he limitation period shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *Id*.

On June 26, 2015, the Supreme Court in *Johnson* recognized, for the first time, that ACCA's residual clause is unconstitutional because of two impermissible uncertainties, *Johnson*, 135 S. Ct. at 2557-58, and the Supreme Court made this new rule of constitutional law retroactively applicable to cases on collateral review.  *See* 28 U.S.C. § 2255(f)(3). Accordingly, Mr. Chapman's Motion is timely because he requested authorization from the Fourth Circuit to file a successive Section 2255 application in March 2016, that is, less than one year after the Supreme Court's decision in *Johnson*.  *See id*; 135 S. Ct. 2551.

> **ii.   Mr. Chapman Satisfies Section 2255's Gatekeeping Provisions because *Johnson* Announced a New Rule of Constitutional Law that the Supreme Court Made Retroactive on Collateral Review and that was Previously Unavailable.**

Mr. Chapman may collaterally attack his sentence in light of *Johnson* because he satisfies one of the gatekeeping provisions for second or successive applications under Section 2255.  *See* 28 U.S.C. § 2555(h).  A federal prisoner may submit a second or successive Section 2255 application if his motion contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *Id*.  Once the circuit court has certified that the motion made a

"prima facie showing" of these criteria, "[i]t is then the responsibility of the district court to more closely scrutinize 'each claim and dismiss those that are barred under [§ 2225(h) ].'" *United States v. MacDonald*, 641 F.3d 596, 615 (4th Cir. 2011) (quoting *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003)); *see also* 28 U.S.C. §§ 2244(b)(3), 2255(h). Mr. Chapman's motion withstands this scrutiny because the Supreme Court in *Johnson* announced a new rule of constitutional law that it made retroactive on collateral review and that was previously unavailable. *See Johnson*, 135 S. Ct. at 2557.

### 1. *Johnson* Announced a New Rule of Constitutional Law that was Previously Unavailable.

Mr. Chapman's successive Section 2255 motion contains *Johnson*'s new, previously unavailable rule of constitutional law.

It is well-established that a rule is "new" when it "breaks new ground or imposes a new obligation on the government," or was not "dictated by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)). The Supreme Court's decision in *Johnson* announced a new rule because it expressly overruled the Court's decisions in *James v. United States*, 550 U.S. 192 (2007) and *Sykes v. United States*, 131 S. Ct. 2267 (2011). Because existing precedent at the time of Mr. Chapman's conviction did not dictate *Johnson*'s rule, this element is easily satisfied. *See Khan*, 309 F. Supp. 2d. at 818-27. Indeed, every circuit court to address the question has expressly found, or accepted the government's concession, that *Johnson*'s rule is new. *See Price v. United States*, 795 F.3d 731, 732-33 (7th Cir. 2015) ("*Johnson* announces a new rule: It explicitly overrules the

line of Supreme Court decisions that began with *Begay*, and it broke new ground by invalidating a provision of the ACCA.").[3]

Further, the new rule in *Johnson* is constitutional in nature. The Supreme Court held in *Johnson* that "imposing an increased sentence under the residual clause of ACCA violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. Here, too, every circuit court to address the issue has decided, or accepted the government's concession, that *Johnson* announced a new *constitutional* rule. *E.g.*, *Price*, 795 F.3d at 732-33 ("*Johnson* rests on the notice requirement of the Due Process Clause of the Fifth Amendment, and thus the new rule that it announces is one of constitutional law.").[4]

Third, the new constitutional rule announced in *Johnson* was previously unavailable to Mr. Chapman. Prior to *Johnson*, the Supreme Court had repeatedly and expressly rejected contentions that ACCA's residual clause was unconstitutionally vague. *See James*, 550 U.S. at 210 n.6 (upholding a challenge to ACCA's residual clause and expressly rejecting the argument that "the residual provision is unconstitutionally vague").[5] It would have been fruitless for Mr. Chapman to bring a successive collateral attack challenging Section 924(c)'s residual clause as void for vagueness prior to *Johnson*. As

---

[3]  *See also In re Watkins*, 810 F.3d 375, 380 (6th Cir. 2015); *Pakala v. United States*, 804 F.3d 139, 139-40 (1st Cir. 2015); *Woods v. United States*, 805 F.3d 1152, 1154 (8th Cir. 2015); *In re Williams*, 806 F.3d 322, 324 (5th Cir. 2015); Order, *Rivera v. United States*, No. 13-4654 (2d Cir. Oct. 5, 2015) (ECF No. 44); Order, *United States v. Striet*, No. 15-72506 (9th Cir. Aug. 25, 2015) (ECF No. 2); *In re Gieswein*, 802 F.3d 1143, 1146 (10th Cir. 2015); *In re Rivero*, 797 F.3d 986, 989 (11th Cir. 2015).

[4]  *See also Watkins*, 810 F.3d at 380; *Pakala*, 804 F.3d at 139; *Woods*, 805 F.3d at 1154; Order, *Rivera*, No. 13-4654; *Williams*, 806 F.3d at 324-25; *Rivero*, 797 F.3d at 989; *Gieswein*, 802 F.3d at 1143; Order, *Striet*, No. 15-72506.

[5]  *See also Sykes*, 131 S. Ct. at 2284 (rejecting the dissent's argument that ACCA's residual clause is void for vagueness); *cf. Begay v. United States*, 553 U.S. 137, 139 (2008) (applying ACCA's residual clause without addressing its vagueness); *Chambers v. United States*, 555 U.S. 122, 129 (2009) (same).

discussed further below, a vagueness challenge to Section 924(c)'s residual clause would rely on the same constitutional infirmities that plague ACCA's residual clause, and all Supreme Court precedent prior to *Johnson* had upheld ACCA's residual clause in the face of vagueness challenges.  *See James*, 550 U.S. at 210 n.6.  Furthermore, Mr. Chapman could not have raised the argument that the residual clauses of ACCA and Section 924(c) were void for vagueness in his first Section 2255 application on December 23, 2008, because Supreme Court precedent at the time of his filing, *see id*., dictated the opposite conclusion.  Once again, every Court of Appeals to consider this issue has held or assumed that *Johnson* was previously unavailable to successive petitioners.  *See, e.g*., *Price*, 795 F.3d at 733.

Consequently, Mr. Chapman has demonstrated that *Johnson*'s rule is new, constitutional, and previously unavailable.

### 2. The Supreme Court Made *Johnson*'s New Rule of Constitutional Law Retroactive on Collateral Review.

The only remaining question under Section 2255(h)(2)'s four requirements for successive motions is whether the Supreme Court has made *Johnson*'s rule retroactive on collateral review.  When the Supreme Court announces a new substantive rule, that rule is retroactively applicable.  *Johnson*'s rule is substantive—it both (1) prohibits a category of punishment for a class of defendants because of their class or offense, and (2) narrows the scope and interprets the terms of a federal criminal statute—and thus applies retroactively on collateral review.  Six circuit courts have authorized petitioners to file successive Section 2255 motions based on *Johnson*, *see Watkins*, 810 F.3d at 377 (6th Cir.); *Price*, 795 F.3d at 735 (7th Cir.); *Woods*, 805 F.3d at 1154 (8th Cir.); Order, *Rivera*, No. 13-4654

(2d Cir.); Order, *Striet*, No. 15-72506 (9th Cir.); *Pakala*, 804 F.3d at 139-40 (1st Cir.),[6]

and at least two other requests for authorization are pending in the Fourth Circuit.  *In re*

*Hubbard*, No. 15-276 (4th Cir. Nov. 24, 2015) (ECF No. 16); *In re Scott*, No. 15-291 (4th

Cir. Sept. 9, 2015) (ECF No. 2-1).[7]  Indeed, the government has frequently conceded

*Johnson*'s retroactive application, including in *Welch*, currently pending before the

Supreme Court.  *See, e.g.*, Brief for United States, at 42, *Welch v. United States*, 136 S. Ct

790 (2016) (No. 15-6418) ("[T]he Court should re-solve the disagreement over whether

*Johnson* is retroactive by holding that it is."); *Price*, 795 F.3d at 732.

> ### a. The Holding in *Johnson* is Substantive and Applies
> ### Retroactively to Cases on Collateral Review.

Under the framework that the Supreme Court adopted in *Teague*, and subsequent

cases, substantive rules must be applied retroactively on collateral review.  *See, e.g.*,

*Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004); *Bousley v. United States*, 523 U.S.

614, 620 (1998); *Montgomery v. Louisiana*, 136 S. Ct. 718, 736 (2016).  The Supreme

Court has announced two categories of substantive rules that should be given retroactive

effect.  First, the Supreme Court has held that rules that either "plac[e] 'certain kinds of

primary, private individual conduct beyond the power of the criminal law-making authority

to proscribe,'" *Teague*, 489 U.S. at 311 (citation omitted), or "prohibit[t] a certain category

of punishment for a class of defendants because of their status or offense," *Penry v.*

*Lynaugh*, 492 U.S. 302, 330 (1989), should be given retroactive effect on collateral review.

---

[6] *But cf. In re Franks*, ___ F.3d ___, No. 15-15456, 2016 WL 80551, at *2 (11th Cir. Jan. 6, 2016); *Williams*, 806 F.3d at 325-26 (5th Cir.); *Gieswein*, 802 F.3d at 1149 (10th Cir.).

[7] Note that the Fourth Circuit has granted the petitioner—who was arguably sentenced under the ACCA's residual clause—release from federal custody pending the court's resolution of his motion for authorization.  *Scott*, No. 15-291.

Second, the Supreme Court has characterized as retroactive those rules that interpret the terms of or narrow the scope of a substantive federal criminal statute. *See Bousley*, 523 U.S. at 620-21; *Schriro*, 542 U.S. at 351-52 ("New substantive rules generally apply retroactively.  This includes decisions that narrow the scope of a criminal statute by interpreting its terms, *see* [*Bousley*, 523 U.S. at 620-61] . . .").  In *Schriro*, the Court also clarified that these two types of retroactive rules—*Penry*'s "category of punishment prohibition" and *Bousley*'s "criminal statute narrowing"—should be characterized as "substantive" and given retroactive effect on collateral review.  *Schriro*, 542 U.S. at 351-52 n.4.

The new rule announced in *Johnson* is substantive and retroactive under both definitions, as the rule (1) prohibits a category of punishment for those defendants who were found to have three previous "violent felonies" as defined by the now unconstitutional ACCA residual clause, and (2) interprets the terms of and narrows the scope of a federal criminal statute – the ACCA.

Under *Penry*'s "category of punishment prohibition" definition, the holding in *Johnson* is substantive because it prohibits a certain category of punishment—a sentencing enhancement—and does so for a certain class of defendants.  Before *Johnson*, a court determined that a defendant was an "Armed Career Criminal" when the court found that the defendant had three prior felonies that met the definition of "violent" under ACCA's residual clause.  *See Johnson*, 135 S. Ct. at 2555.  Once the court determined that the defendant was an Armed Career Criminal, his sentence was increased from ten years to fifteen-to-life.  *Id*.  The *Johnson* Court, in holding ACCA's residual clause unconstitutionally vague, stated that the clause prohibits a particular category of

14

punishment, the imposition of an aggravated sentence based on a determination that the defendant is an Armed Career Criminal.   Further, *Johnson* prohibits this sentencing enhancement for "a class of defendants because of their status or offense," *Penry*, 492 U.S. at 330, namely, the class of defendants who were found to have committed three previous "violent felonies" as defined by ACCA's residual clause.

Johnson's rule also meets *Bousley's* "criminal statute narrowing" substantive definition because the Court interpreted and narrowed the scope of ACCA, a federal criminal statute.  The *Johnson* Court narrowed the scope of ACCA by striking the residual clause as unconstitutional and eliminating the class of people subject to a sentencing enhancement under it.   Prior to *Johnson*, when a court determined that a defendant had committed three "violent felonies" under ACCA's residual clause, it could impose an increased sentence of at least five years and as much as life.  Today, that same person could no longer be subjected to an increased sentence because ACCA's residual clause has been struck from the statute.   Thus, the statute was "narrowed" because the enhanced sentence "necessarily carr[ies] a significant risk that a defendant . . . faces a punishment that the law cannot impose upon him." *Schriro*, 542 U.S. at 352.[8]

---

[8]   As the court articulated in *Watkins*, the potentiality that Congress could one day enlarge the scope of the statute has no bearing on the retroactivity analysis of substantive rules.  *See Watkins*, 810 F.3d at 383.   Furthermore, Amici Curiae Scholars for the Petitioner in *Welch* point to support for this position in Justice Harlan's writings, a touchstone to which the Court frequently turns on retroactivity: "Justice Harlan's [rule that substantive rules apply retroactively] includes **all** rules invalidating criminal statutes, not merely those declaring that Congress may not prohibit certain conduct.  And because *Johnson* declared unconstitutional a criminal statute, it is precisely the type of rule that Justice Harlan believed should be retroactive."  Brief of Scholars of Federal Courts and Sentencing as Amici Curiae in Support of the Petitioner, at 11, *Welch*, 136 S. Ct. 790 (2016), (No. 15-6418).

*Johnson*'s new substantive rule applies with even greater force in the context of Mr. Chapman's case, where the infirmities that rendered ACCA's residual clause unconstitutional make Mr. Chapman's Section 924 *convictions* void on collateral review. In the ACCA context, the two constitutional infirmities announced in *Johnson* prohibit the punishment category of an enhanced *sentence*.   In the Section 924(c) context, the two constitutional infirmities invalidate three of Mr. Chapman's *convictions*.   The excising of substantive criminal convictions under Section 924 in light of *Johnson* "necessarily carr[ies] a significant risk that a defendant . . . faces a punishment that the law cannot impose upon him," *Schriro*, 542 U.S. at 352, because it does not merely reduce a sentence, but eliminates altogether substantive criminal convictions with crimes of violence defined by Section 924(c)'s residual clause.

As the Supreme Court held in *Bousley*, "it is only Congress, and not the courts, which can make conduct criminal." *Bousley*, 523 U.S. at 620-21.  Applying the *Bousley* court's logic, after *Johnson*, the court does not have jurisdiction to "make conduct criminal" by keeping Mr. Chapman—or any petitioner serving a sentence for a conviction under Section 924(c) or Section 924(o)—in federal custody.  Therefore, Mr. Chapman is serving time for his Section 924 Convictions that are legally void in light of *Johnson*.

The constitutional rule announced in *Johnson* is therefore substantive and retroactive, as the majority of circuit courts deciding this issue have held and the government has often conceded.   *Cf. Price*, 795 F.3d at 732 ("We now conclude, consistently with the government's position, that *Johnson* announces a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive . . .

.").[9]  Because the rule announced in *Johnson* is substantive, it must be applied retroactively to *all* cases on collateral review.  *See Davis v. United States*, 131 S. Ct. 2419, 2430 (2011) (retroactivity is a "categorical matter").[10]

### b. The *Johnson* Rule has been "Made" Retroactive on Collateral Review by the Supreme Court.

In order to meet the retroactivity standard for a successive Section 2255 application, the movant must show that the Supreme Court has made the substantive rule retroactive on collateral review.  *Tyler v. Cain*, 533 U.S. 656, 667 (2001).  The Supreme Court can "make" a rule retroactive for purposes of Section 2255(h)(2) "with the right combination of holdings" in multiple cases that "logically dictate the retroactivity of the rule."  *See id.* at 666; *id.* at 668 (O'Connor, J., concurring).  It is "relatively easy to demonstrate the required logical relationship with respect [to substantive rules]."  *Id.* at 669 (O'Connor, J., concurring).  When the Supreme Court holds that substantive rules are retroactive in Case One, and announces a substantive rule in Case Two, "it necessarily follows that [the Supreme] Court has 'made' that new rule retroactive to cases on collateral review."  *Id.*; *see also id.* at 672-73 (Breyer, J., dissenting, joined by Stevens, Souter & Ginsburg, JJ.)

---

[9]  *See also Watkins*, 810 F.3d at 383 (agreeing with the government and petitioner that *Johnson* announced a substantive, retroactive rule "[b]ecause *Johnson* prohibits the imposition of an increased sentence on those defendants whose status as armed career criminals is dependent on offenses that fall within the residual clause . . . .") (citations omitted); *Rivero*, 797 F.3d at 989 (citations omitted) (holding that *Johnson* announced a substantive rule because it "narrow[ed] the scope of [Section] 924(e) by interpreting its terms, specifically, the term violent felony," and "narrowed the class of people who are eligible for an increased sentence under the [ACCA]" but finding that it is not retroactive); *Pakala*, 804 F.3d at 139-40 (accepting the government's concession that the petitioner made at least a prima facie showing that *Johnson*'s rule is retroactive); *Woods*, 805 F.3d at 1154 (accepting the government's concession on *Johnson*'s retroactivity); Order, *Rivera*, No. 13-4654; Order, *Striet*, No. 15-72506.

[10]  *But see Rivero*, 797 F.3d at 989.

("If Case One holds that all men are mortal and Case Two holds that Socrates is a man, we do not need Case Three to hold that Socrates is mortal.").

The Supreme Court has held in several cases that "substantive" rules are retroactive. *See Bousley*, 523 U.S. at 620; *Schriro*, 542 U.S. at 351-52; *Teague*, 489 U.S. at 311; *Montgomery*, 136 S. Ct. at 736; discussion *supra* Argument Part A.ii.2.a. As set forth above, *Johnson* announced a new substantive rule because it prohibits a certain category of punishment for a class of defendants and because it narrows the scope of a substantive federal criminal statute. 135 S. Ct. at 2563; *see* discussion *supra* Part A.ii.2.a. *Johnson*'s holding has therefore been "made" retroactive through a combination of Supreme Court holdings that logically dictate its retroactivity. *Tyler*, 533 U.S. at 668 (O'Connor, J., concurring). *See, e.g.*, *Price*, 795 F.3d at 734 ("The [Supreme] Court itself has made *Johnson* categorically retroactive to cases on collateral review."). The First, Sixth, Seventh, and Eighth Circuits have already expressly held or accepted the government's concession that the Supreme Court "made" the rule in *Johnson* retroactive. *See id.*; *Watkins*, 810 F.3d at 383; *Pakala*, 804 F.3d at 139; *Woods*, 805 F.3d at 1154.[11]

For the reasons set forth above, Mr. Chapman has demonstrated that his Motion based on *Johnson* contains a previously unavailable new rule of constitutional law made retroactive to cases on collateral review.

---

[11]  The Fourth Circuit heard oral arguments on January 28, 2016, on the issue of *Johnson*'s retroactivity in *Hubbard*, No. 15-276. Furthermore, in *Welch*, the Supreme Court is expected to clarify that its previous decisions have already "made" *Johnson* retroactive. *Welch*, 683 F.3d 1304. The Second and Ninth Circuits have also authorized successive petitions based on *Johnson*. Order, *Rivera*, No. 13-4654; Order, *Striet*, No. 15-72506.

**B. Mr. Chapman is Entitled to Relief under Section 2255 because His Section 924 Convictions Violated His Fifth Amendment Right to Due Process in Light of *Johnson*.**

Having demonstrated that Mr. Chapman's Motion is timely filed and that the Court may entertain his successive petition, Mr. Chapman now asserts that his Section 924 Convictions were obtained in violation of the Fifth Amendment to the United States Constitution in light of the Supreme Court's ruling in *Johnson*. Mr. Chapman's Section 924 Convictions required the government to prove beyond a reasonable doubt that he acted in furtherance of a crime of violence. 18 U.S.C. § 924(c), (o); *United States v. Rodriguez-Moreno*, 526 U.S. 275, 280 (1999) (referring to crime of violence in Section 924(c) as an element of the statute). The Court found that the predicate crimes of violence for the Section 924 charges were Mr. Chapman's Section 371 Conspiracy and Material Support Conspiracy convictions. *Khan*, 309 F. Supp. 2d. at 823-27.

Mr. Chapman's predicate offenses—the Section 371 Conspiracy and the Material Support Conspiracy—cannot and do not qualify as crimes of violence under either the residual clause or the force clause of Section 924(c). *See* 18 U.S.C. § 924(c)(3). Mr. Chapman's two predicate conspiracies cannot qualify as crimes of violence under Section 924(c)'s residual clause because, as multiple district courts have held, that clause is void for vagueness for the same two reasons that *Johnson* held ACCA's residual clause to be unconstitutionally vague, *see Edmundson*, 2015 WL 9582736, at *4; *United States v. Lattanaphom*, No. CR 2:99-00433 WBS, 2016 WL 393545, at *6 (E.D. Cal. Feb. 2, 2016); *United States v. Bell*, No. 15-cr-00258 WHO, 2016 WL 344749, at *12 (N.D. Cal. Jan. 28, 2016); *United States v. Crawford*, No. 3:15-CR-070 JD, 2016 WL 320116, at *1 (N.D. Ind. Jan. 27, 2016); *see also United States v. Gonzalez-Longoria*, No. 15-40041, 2016 WL

537612, at *1 (5th Cir. Feb. 10, 2016) (finding the same uncertainties prohibited by *Johnson* in courts' analysis of 18 U.S.C. § 16(b)[12]); *United States v. Vivas-Ceja*, No. 15-1770, 2015 WL 9301373, at *3-*4 (7th Cir. Dec. 22, 2015) (same); *Dimaya v. Lynch*, 803 F.3d 1110, 1115 (9th Cir. 2015) (same); *but see United States v. Taylor*, No. 09-5517, 2016 WL 537444, at *32 (6th Cir. Feb. 11, 2016).

Moreover, Mr. Chapman's two predicate conspiracies fail to qualify as crimes of violence under Section 924's force clause because the statutory definitions of both convictions do not require as an element "the use, attempted use, or threatened use of violent physical force." *See* 18 U.S.C. § 924(c)(3)(A).  Under the Supreme Court's holding in *Johnson,* the Court's determination that Mr. Chapman's conspiracy convictions constituted crimes of violence violated Mr. Chapman's constitutional due process rights, and his Section 924 Convictions and sentences must be vacated.  *See Johnson*, 135 S. Ct. at 2557.

      **i.**    **Section 924(c)'s Residual Clause is Unconstitutionally Vague under the Supreme Court's holding in *Johnson*.**

The residual clause of Section 924(c) defines a "crime of violence" as "an offense that is a felony and . . . that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).  In order to determine if an offense meets the definition

---

[12] As this Court has recognized, "the language of § 924(c)(3) mirrors that of § 16, and courts often use case law interpreting § 16 to guide their analysis of § 924(c)(3)." *Royer v. Wilson*, 68 F. Supp. 3d 571, 576 n.4 (E.D. Va. 2014), *aff'd sub nom. Royer v. United States*, 605 F. App'x 215 (4th Cir. 2015) (citing *United States v. Serafin*, 562 F.3d 1105, 1108 (10th Cir. 2009)).  In addition to the identically-worded residual clauses, both Section 924(c) and Section 16 have identically-worded force clauses. *Compare* 18 U.S.C. § 924(c)(3)(A), *with* § 16(a).  Thus, this Motion relies on cases analyzing both Section 924(c) and Section 16.

of "crime of violence" set forth under Section 924(c)'s residual clause, courts employ the categorical approach, which requires that they examine only the elements of the statutory offense, not the facts of the crime.  *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013).  "'The point of the categorical inquiry is not to determine whether the defendant's conduct *could* support a conviction for a crime of violence, but to determine whether the defendant was *in fact convicted* of a crime that qualifies as a crime of violence.'"  *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015) (quoting *United States v. Cabrera–Umanzor*, 728 F.3d 347, 350 (4th Cir. 2013) (emphasis in original)).[13]

The Supreme Court in *Johnson* found that when courts applied this same required categorical approach to ACCA's residual clause, "the indeterminacy of the wide-ranging inquiry . . . both denies fair notice to defendants and invites arbitrary enforcement by judges."  *Johnson*, 135 S. Ct. at 2557.  The Supreme Court explained that "[t]wo features of the [ACCA's] residual clause conspire to make it unconstitutionally vague."  *Id.* at 2557.  First, "the [ACCA's] residual clause leaves grave uncertainty about how to estimate the risk posed by a crime.  It ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements."  *Id.*  Second,

---

[13] In courts' application of the categorical approach, they routinely rely on ACCA residual clause cases when analyzing Section 924(c) residual clauses and vice versa.  *E.g.*, *United States v. Ayala*, 601 F.3d 256, 267 (4th Cir. 2010); *United States v. Aragon*, 983 F.2d 1306, 1314 (4th Cir. 1993).  Moreover, courts often rely on Section 924(c)'s twin residual clause—Section 16(b), which contains language identical to 924(c)'s residual clause—when interpreting ACCA residual clause cases and vice versa.  *Chambers*, 555 U.S. at 133 n.2 (Alito, J., concurring) (including circuit splits over Section 16(b) in its comparison of ACCA circuit splits); *United States v. Sanchez-Espinal*, 762 F.3d 425, 432 (5th Cir. 2014) (citation omitted) ("[W]e have previously looked to the ACCA in deciding whether offenses are crimes of violence under § 16(b)."); *Roberts v. Holder*, 745 F.3d 928, 930 (8th Cir. 2014) (footnote omitted) (referring to ACCA's "violent felony" as "virtually identical" to Section 16(b)'s "crime of violence").

"[ACCA's] residual clause leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony."  *Id*. at 2558.  This denial of fair notice and arbitrary enforcement led the Supreme Court to conclude that ACCA's residual clause was void for vagueness, and thus violated the Fifth Amendment Due Process Clause.  *Id*.

Both of these uncertainties also permeate Section 924(c)'s residual clause and have resulted in a standard that is unconstitutionally vague because it is mired in the same "hopeless indeterminacy" as ACCA's residual clause.  *See id*. at 2558.  Thus, multiple district courts have held that Section 924(c)'s residual clause is void for vagueness because *Johnson* directly applies, *see Edmundson*, 2015 WL 9582736, at *1; *Lattanaphom*, 2016 WL 393545, at *6; *Bell*, 2016 WL 344749, at *12; *Crawford*, 2016 WL 320116, at *1, and the Fifth, Seventh, and Ninth Circuits have found the same with regard to the identically-worded residual clause of Section 16(b), *Gonzalez-Longoria*, 2016 WL 537612, at *1; *Vivas-Ceja*, 2015 WL 9301373, at *1; *Dimaya,* 803 F.3d at 1115.

### 1. Section 924(c)'s Residual Clause Requires the Ordinary Case Inquiry Now Prohibited under *Johnson*.

Courts must analyze both ACCA's residual clause and Section 924's residual clause using the ordinary case inquiry.  *United States v*. *Naughton*, 621 F. App'x 170, 178 (4th Cir. 2015) (citing *Fuertes*, 805 F.3d at 499-501, 501 n.6).  In *Johnson*, the Supreme Court reaffirmed the meaning of the ordinary case inquiry by stating that the inquiry requires courts to "go[] beyond deciding whether creation of risk is an element of the crime"—the inquiry required by the force clause—and look instead at the idealized conduct of the ordinary case.  *Johnson*, 135 S. Ct. at 2557.  That is to say, as the Court explained in *Johnson*, "[d]eciding whether the residual clause covers a crime thus requires a court to picture the kind of conduct that the crime involves in 'the ordinary case,' and to judge

whether that abstraction presents a serious risk of physical injury.'" *Id*. (citing *James*, 550 U.S. at 208). The Supreme Court found that the uncertainty the ordinary case inquiry produces contributes to ACCA's residual clause's unconstitutional vagueness. *Id*.

The ordinary case inquiry produces uncertainty because it forces courts to examine not "real-world facts," but "judicially imagined" conduct. *Id*.; *see also* 18 U.S.C. §§ 924(c)(3)(B) ("'crime of violence' means an offense that . . . *by its nature*, involves a substantial risk . . . ."); 924(e)(2)(B)(ii) ("'violent felony' means any crime . . . [that] is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct* that presents a serious potential risk . . . .") (emphasis added). For both ACCA's residual clause and the residual clause of Section 924(c), this examination is inherently speculative because it requires every individual judge to imagine what the underlying ordinary case involves. *See Johnson*, 135 S. Ct. at 2557-58. The court has no touchstone for this speculation. The court may not examine real-world conduct as it would under other statutes, *id*. at 2561, nor simply examine the elements of a statute like the inquiry required under Section 924(c)'s and ACCA's force clauses, *Naughton*, 621 F. App'x at 177-78 (citing *United States v. Royal*, 731 F.3d 333, 341-42 (4th Cir. 2013)).

This lack of a touchstone means that both ACCA's and Section 924(c)'s residual clauses "offer[] no reliable way" to determine what conduct comprises the ordinary case for the offense in question. *Johnson*, 135 S. Ct. at 2558; *see also Dimaya*, 803 F.3d at 1116 (quoting *Johnson*, 135 S. Ct. at 2558) ("[Section 16(b)'s] definition of a crime of violence at issue in this case offers 'no reliable way to choose between these competing accounts' of what a crime looks like in the ordinary case."). Instead, courts may consult a variety of sources with a variety of opinions about what the ordinary case's conduct may be. *Johnson*,

135 S. Ct. at 2557 (quoting *United States v. Mayer*, 560 F.3d 948, 952 (9th Cir. 2009) (Kozinski, C.J., dissenting from denial of reh'g en banc)) ("How does one go about deciding what kind of conduct the 'ordinary case' of a crime involves?  'A statistical analysis of the state reporter?  A survey?  Expert evidence?  Google?  Gut instinct?'"). Thus, as with ACCA's residual clause, courts determining whether an offense constitutes a crime of violence under Section 924(c)'s residual clause must perform unconstitutional speculation into the ordinary case at issue.

Section 924(c)'s residual clause is void for vagueness based solely on the speculative ordinary case analysis denounced by the Supreme Court in *Johnson*.  This is so because if courts cannot determine what the ordinary case is without engaging in impermissible conjecture, it follows that they cannot reliably analyze the ordinary case's degree of risk.  Nonetheless, if judicial inquiry proceeds, the measurement of risk required when courts analyze an offense under ACCA's residual clause applies with equal force to Section 924(c)'s residual clause, and thus compounds the unconstitutional uncertainty that renders Section 924(c) void for vagueness.

**2.  Section 924(c)'s Residual Clause Requires Measurement of Risk of Judicially-Imagined Conduct Now Prohibited under *Johnson*.**

When courts determine whether an offense is a crime of violence under both ACCA's residual clause and the residual clause of Section 924(c), they must first engage in the ordinary case inquiry described above, and then determine whether the imagined set of circumstances that constitute the ordinary case poses a sufficient risk of physical force or injury.  *Edmundson*, 2015 WL 9582736, at *4.  The ordinary case's measurement of risk in Section 924(c)'s residual clause "leaves uncertainty about how much risk it takes for a

crime to qualify as a [crime of violence]." *Johnson*, 135 S. Ct. at 2558.  While Section 924(c)'s residual clause contains the phrase "substantial risk" of physical force and ACCA's residual clause requires a "serious potential risk," the risk assessment required under both clauses is equally arbitrary.  *Edmundson*, 2015 WL 9582736, at *4.  Both residual clauses require courts to apply an imprecise degree of risk to a "judge-imagined abstraction" rather than "to real-world facts."  *Johnson*, 135 S. Ct. at 2558.

This inquiry—requiring courts to determine the risk of physical force or injury inherent to a judicially-imagined abstraction of an "ordinary case"—distinguishes both residual clauses from the majority of other laws that require courts to engage in measurements of risk.  *Edmundson*, 2015 WL 9582736, at *5.  Other laws "gaug[e] the riskiness of conduct in which an individual defendant engages *on a particular occasion*." *Johnson*, 135 S. Ct. at 2561.  Not so with the residual clauses of Section 924(c) and ACCA, both of which gauge the riskiness of an "idealized ordinary case" that "offers significantly less predictability" than laws that gauge the riskiness of real-world conduct.  *Id*. (citing *Int'l Harvester Co. of America v. Kentucky*, 234 U.S. 216, 223 (1914)); *see also Edmundson*, 2015 WL 9582736, at *5 (distinguishing courts' inquiry into judicially-imagined conduct under Section 924(c)'s residual clause and ACCA's residual clause from the inquiry into real-world conduct required under other statutes).  It is this unpredictability in measuring the ordinary case's degree of risk that the Supreme Court in *Johnson* described as most significant to its calculus of vagueness.  *Johnson*, 135 S. Ct. at 2561 ("More importantly, almost all of the cited laws require gauging the riskiness of conduct in which an individual defendant engages *on a particular occasion*. . . .  The [ACCA's] residual clause, however, requires application of the 'serious potential risk' standard to an

25

idealized ordinary case of the crime."). Thus, Section 924(c)'s residual clause possesses

the same measurement of risk that *Johnson* found unconstitutional with regard to ACCA's

residual clause.

### 3. Neither of Mr. Chapman's Conspiracies Qualify as Crimes of Violence under Section 924(c)'s Residual Clause.

Accordingly, Mr. Chapman's predicate conspiracies for his Section 924

Convictions cannot qualify as crimes of violence under Section 924(c)'s residual clause,

which is void for vagueness in light of *Johnson*. Thus, the only way Mr. Chapman's

Section 924 Convictions can stand is if his predicate offenses qualify as crimes of violence

under Section 924(c)'s force clause. *See* 18 U.S.C. § 924(c)(3). They do not.

### ii. Mr. Chapman's Section 924 Convictions do not Qualify as Crimes of Violence under Section 924(c)'s Force Clause.

To qualify as a crime of violence under Section 924(c)'s force clause, the statutory

offense must have as an element "the use, attempted use, or threatened use of physical force

against the person or property of another." § 924(c)(3)(A). "[T]he phrase 'physical force'

means *violent* force—that is, force capable of causing physical pain or injury to another

person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (citing *Flores v. Ashcroft*,

350 F.3d 666, 672 (7th Cir. 2003))[14] (defining meaning of "physical force" in ACCA's

almost identically-worded[15] force clause).

---

[14] Notably, in this *Johnson* opinion analyzing ACCA's residual clause, the Supreme Court relied on a case that analyzes Section 924(c)'s twin force clause, Section 16(a). *Id*.
[15] *Compare* 18 U.S.C. § 924(c)(3)(A) ("has as an element the use, attempted use, or threatened use of physical force against the person or property of another"), *with* § 924(e)(2)(B)(i) ("has as an element the use, attempted use, or threatened use of physical force against the person of another").

Courts use the categorical approach—an analysis of the elements of the statute—to determine whether an offense constitutes a crime of violence under Section 924(c)'s force clause. *Fuertes*, 805 F.3d at 498. If it is possible to commit the crime in a non-violent way, the statute does not have as an element "the use, attempted use, or threatened use of physical force against the person or property of another," and therefore the offense is not a crime of violence. *See Naughton*, 621 F. App'x at 178 ("If any one of the available means of violating the statute is non-violent, under the categorical approach the offense is not a crime of violence within the meaning of the force clause irrespective of the defendant's actual conduct.") (citations and footnote omitted).

The two predicate offenses at issue for Mr. Chapman's Section 924 Convictions are two conspiracies: conspiracy to violate the Neutrality Act and Section 924(g) under 18 U.S.C. § 371, and conspiracy to contribute material support to a terrorist organization under 18 U.S.C. § 2339A. *Khan*, 309 F. Supp. 2d at 818-27. Neither of these conspiracies qualify as a crime of violence under the force clause.

### 1. Conspiracy under 18 U.S.C. § 371 does not Qualify as a "Crime of Violence" under Section 924(c)'s Force Clause.

Section 371 Conspiracy does not qualify as a crime of violence under the force clause. Section 371 reads as follows: "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. § 371. Section 371's elements are thus "1) an agreement by two or more persons to perform some illegal act, 2) willing participation by the defendant, and 3) an overt act in furtherance of the conspiracy." *Khan*, 309 F.2d at 818

(citation omitted).  The statute defines an overt act as "any act to effect the object of the conspiracy."  18 U.S.C. § 371; *see also* Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 2010, Special Instruction no. 13.1 ("An 'overt act' is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy.").

Section 371 does not contain as an element "the use, attempted use, or threatened use of physical force."  *See* 18 U.S.C. §§ 371, 924(c)(3)(A).  The elements of Section 371— formation of an agreement, willing participation, and the performance of an overt act—do not entail the requisite "use, attempted use, or threatened use of [violent] physical force." *See* 18 U.S.C. § 924(c)(3)(A); *Johnson*, 559 U.S. at 140 (citing *Ashcroft*, 350 F.3d at 672) ("[T]he phrase 'physical force' means *violent* force.").  Moreover, because the elements of the statute do not include "the use, attempted use, or threatened use of physical force," it is possible to violate Section 371 in a non-violent manner.  *See Naughton*, 621 F. App'x at 178 (citations and footnote omitted).  For example, the Southern District of New York found an attorney guilty of violating Section 371 for non-violent actions—in that case, smuggling messages to her imprisoned client in violation of prison rules.  *United States v. Sattar*, 395 F. Supp. 2d 79, 85, 104 (S.D.N.Y. 2005), *aff'd sub nom. United States v. Stewart*, 590 F.3d 93 (2d Cir. 2009).  Because Section 371's overt act requirement—"any act to effect the object of the conspiracy"—does not mention violence by its terms, it also does not require violence in violation.  *See* 18 U.S.C. § 371; *Naughton*, 621 F. App'x at 178.[16]

---

[16]  Furthermore, whether the object of the conspiracy was itself a violent act has no bearing on whether the conspiracy statute contains as an element "the use, attempted use, or threatened use of physical force," 18 U.S.C. § 924(c)(3)(A), pursuant to Section

Thus, Section 371 does not contain as an element "the use, attempted use, or threatened use of physical force." *See* 18 U.S.C. §§ 371, 924(c)(3)(A). Because an element involving physical force is missing, Mr. Chapman's Section 371 Conspiracy—one of the two predicate offenses the Court found to qualify as a crime of violence—does not qualify as a crime of violence under Section 924(c)'s force clause.

### 2. Conspiracy under 18 U.S.C. § 2339A does not Qualify as a "Crime of Violence" under Section 924(c)'s Force Clause.

The Material Support Conspiracy under Section 2339A also does not qualify as a crime of violence under Section 924(c)'s force clause. Section 2339A, in relevant part, states that "[w]hoever provides material support or resources or conceals or disguises the nature, location, source, or ownership of material support or resources, knowing or intending that they are to be used in preparation for, or in carrying out, a violation of [47 predicate offenses including 18 U.S.C. § 956] or in preparation for, or in carrying out, the concealment of an escape from the commission of any such violation, or attempts or *conspires* to do such an act[.]" 18 U.S.C. § 2339A (emphasis added).

Under Section 2339A, the Court found Mr. Chapman guilty of conspiring "to provide material support or resources or conceal or disguise the nature, location, source, or ownership of material support or resources" with knowledge or intention to violate Section

---

924(c)'s force clause. *Edmundson*, 2015 WL 9582736, at *2 n.2. While the Fourth Circuit's opinion in *United States v. White* emphasizes that "a conspiracy cannot be 'divorced from its violent [or nonviolent] objective,'" that statement was made in reference to Section 924(c)'s residual clause, not Section 924(c)'s force clause. *Naughton*, 621 F. App'x at 178 (alterations in original) (quoting *United States v. White*, 571 F.3d 365, 372 (4th Cir. 2009), *abrogated by Johnson*, 135 S. Ct. 2551); *Edmundson*, 2015 WL 9582736, at *2 n.2 (citation omitted) ("Importantly, the citation to *White* was to the court's discussion under . . . the 'ACC[A] residual clause' . . . where the focus is not on the elements of the predicate offense.").

956.  *Khan*, 309 F. Supp. 3d at 821-22 (relying on 18 U.S.C. § 2339A).  Section 2339A's

elements are "1) a conspiracy; 2) to provide material support or resources or conceal or

disguise the nature, location, source, or ownership of material support or resources; 3)

knowing or intending that they are to be used in preparation for, or in carrying out, a

violation of 18 U.S.C. § 956."  *Id.* at 821.  Section 2339A does not require the commission

of an overt act.  *United States v. Sattar*, 314 F. Supp. 2d 279, 306-07 (S.D.N.Y. 2004), *aff'd*

*sub nom. Stewart*, 590 F.3d 93 (citation omitted).

Again, the categorical approach requires that the court examine whether a statute

has as an element "the use, attempted use, or threatened use of physical force."  *See* 18

U.S.C. § 924(c)(3)(A).  By its terms, Section 2339A does not have as an element

"the use, attempted use, or threatened use of physical force."  *See* 18 U.S.C. §§

924(c)(3)(A), 2339A.  The first element—a conspiracy—does not contain the violent

physical force required under the categorical approach, *Johnson*, 559 U.S. at 140, rather it

merely requires "a combination or agreement of two or more persons to join together to

accomplish some unlawful purpose."  1-19 Modern Federal Jury Instructions – Criminal §

19.01 Conspiracy to Violate Federal Law (18 U.S.C. § 371).  The second element—

providing or concealing or disguising material support or resources—does not require

violent physical force because the statutory definition of "material support or resources"

includes "currency or monetary instruments or financial securities."  18 U.S.C. §

2339A(b)(1); *see United States v. Aref*, 285 F. App'x 784, 789 (2d Cir. 2008) (defendant

convicted of conspiring to launder money under Section 2339A).  Finally, the third

element—knowing or intending that [the material support is] to be used in preparation for,

or in carrying out, a violation of 18 U.S.C. § 956—does not require violent, physical force

because the element can be satisfied by knowing that the material support is to be used in preparation for Section 956, itself a conspiracy. *See* 18 U.S.C. § 2339A.

Because Section 2339A can be violated in a nonviolent way, the statute thus does not require "the use, attempted use, or threatened use of physical force," and, under the categorical approach, cannot constitute a crime of violence. *See* 18 U.S.C. §§ 956, 2339A; *Naughton*, 621 F. App'x at 178 (citations and footnote omitted). Thus, Mr. Chapman's Material Support Conspiracy conviction does not qualify as a crime of violence under the force clause of Section 924(c).

### 3. Circuit Precedential and Persuasive Authority Supports the Conclusion that Mr. Chapman's Conspiracies do not Qualify as Crimes of Violence under the Force Clause.

Fourth Circuit case law demonstrates that conspiracies, even conspiracies with violent objects, do not qualify as crimes of violence under the force clause of Section 924(c). In *White,* the Fourth Circuit held that conspiracy to commit robbery with a dangerous weapon did not qualify under ACCA's force clause. *White*, 571 F.3d at 369 (quoting 18 U.S.C. § 924(e)(2)(B)(i) ("Applying a categorical analysis to the Conspiracy Offense, we first observe that it does not have 'as an element the use, attempted use, or threatened use of physical force against the person of another.'")). In an unpublished opinion after *Johnson*, the Fourth Circuit affirmed *White*'s holding that conspiracy to commit robbery with a dangerous weapon did not qualify as a violent felony under ACCA's force clause. *See United States v. Melvin*, 621 F. App'x 226 (4th Cir. 2015). Moreover, in another unpublished opinion after *Johnson*, the Fourth Circuit held that conspiracy to commit sex trafficking by force, fraud, or coercion did not qualify as a crime

of violence under Section 924(c)'s force clause or residual clause.  *Naughton*, 621 F. App'x

at 178.

Other circuits have also held that conspiracies with violent objects did not qualify

under the force clause.  In *United States v. Gore*, the Fifth Circuit held that conspiracy to

commit aggravated robbery did not qualify under ACCA's force clause.  636 F.3d 728, 730

(5th Cir. 2011).  In *United States v. Gonzalez-Ruiz*, the Seventh Circuit held that conspiracy

to commit armed robbery did not qualify under ACCA's force clause.  794 F.3d 832, 833-

36 (7th Cir. 2015).  Furthermore, the District of Maryland held that conspiracy to violate

the Hobbs Act did not qualify under Section 924(c)'s force clause.  *Edmundson*, 2015 WL

9582736, at *2.

### 4. Mr. Chapman's Section 924(c) Sentences Violate His Due Process Rights because Neither of His Conspiracies Qualify as Crimes of Violence under Section 924(c).

Because Mr. Chapman's predicate conspiracies do not qualify under Section

924(c)'s force clause and, as discussed above, cannot qualify under Section 924(c)'s

unconstitutionally vague residual clause, his Section 924 Convictions cannot stand and he

is serving sentences for convictions obtained in violation of his Fifth Amendment Due

Process rights.

### Conclusion

Section 924(c)'s residual clause is void for vagueness in light of *Johnson*, a

retroactive decision that announced a new, previously unavailable, rule of constitutional

law.  *See Johnson*, 135 S. Ct. 2551.  Mr. Chapman's Section 924 Convictions were thus

"imposed in violation of the Constitution or laws of the United States, or . . . the court was

without jurisdiction to impose such sentence."  *See* 28 U.S.C. § 2255(a).

In 2004, the Court sentenced Mr. Chapman to a 10-year term of imprisonment for the conspiracy convictions that he does not challenge herein and the Section 924(o) conviction, and to a 55-year term of imprisonment for the Section 924(c) convictions. Judgment on Re-sentencing, *Khan*, 309 F. Supp. 2d 789 (E.D. Va. 2004) (ECF No. 600). Mr. Chapman, therefore, has completed his 10-year term of imprisonment for his conspiracy convictions and his Section 924(o) conviction. *Id*. Thus, he is currently serving a 55-year term of imprisonment, a *de facto* life sentence, for his Section 924 (c) convictions that were imposed in violation of the United States Constitution and without jurisdiction. *See id*.

Accordingly, Mr. Chapman respectfully requests that the Court grant his application under 28 U.S.C. § 2255 to vacate his Section 924 Convictions and set aside the sentences imposed for each conviction, and, because he has served his time for his other convictions, to discharge him from prison forthwith.

Respectfully submitted,

*s/ Gerald Thomas Zerkin__*
Gerald Thomas Zerkin
Attorney-At-Law
Virginia Bar #16270
2025 E. Main Street, Ste. 108
Richmond, VA 23223
(804) 921-4885
zerkingt@msn.com

Lindsey Webb*
Nicole B. Godfrey*
University of Denver Sturm College of Law
Civil Rights Clinic
2255 E. Evans Avenue, Ste. 335
Denver, CO 80208

* Upon *pro hac vice* admission to the Eastern District of Virginia

On the Motion:

Emily M. Miller, Student, University of Denver Sturm College of Law
Casey M. Shea, Student, University of Denver Sturm College of Law

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on _____ 2016, in compliance with Local Rule 22(d), I electronically filed this proposed Successive Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Gordon D. Kromberg, Esq.
    Assistant United States Attorney
    United States Attorney's Office
    2100 Jamieson Avenue
    Alexandria, VA 22314

          *s/ Gerald Thomas Zerkin*
          Gerald Thomas Zerkin
          Attorney-At-Law
          Virginia Bar #16270
          2025 E. Main Street, Ste. 108
          Richmond, VA 23223
          (804) 921-4885
          zerkingt@msn.com