**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| **SEIFULLAH CHAPMAN,**  Movant,  v.  **UNITED STATES,**  Respondent | **Criminal Case No. 03-296-A** |

**BRIEF IN SUPPORT OF MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. § 3582(C)(2)**

COMES NOW the Petitioner, Seifullah Chapman, through undersigned counsel, and respectfully moves this Honorable Court to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2). In support thereof, Mr. Chapman submits the following:

**Introduction**

From the time of Mr. Chapman's sentencing, all interested parties, including the Court itself, have been struck by the troublesome injustice resulting from the punishment the Court was forced to impose given the then-current state of the law. Mandatory minimum sentences carry a strikingly harsh penalty. Mr. Chapman has been subjected to the farthest reaches of these draconian measures of punishment, being punished far beyond what the conduct associated with his convictions would normally warrant. Indeed, murderers and actual members of terrorist groups planning and implementing real attacks have been subjected to less severe terms of imprisonment, a fact this Court recognized during Mr. Chapman's prior sentencing proceedings. The disproportionate nature of Mr. Chapman's sentence in relation to his convictions, in

1

conjunction with recent Supreme Court precedent guiding the federal courts' imposition of sentences of this nature, make appropriate a significant reduction in his time to be served in federal custody.

Mr. Chapman has been in custody of the Federal Bureau of Prisons for fourteen (14) years. During that time, he has demonstrated exemplary behavior,[1] including successful completion of the Life Connections Program at the top of his class.[2] The Supreme Court, through *Dean v. United States*, 137 S. Ct. 1170 (2017), has now provided this Court a vehicle through which it can lawfully reduce Mr. Chapman's sentence, correcting the injustice imposed by the draconian nature of the initial sentence. In *Dean*, the Supreme Court determined that a sentencing court has discretion to consider a mandatory minimum sentence "imposed under § 924(c) when calculating a just sentence for the predicate count." *Id*. at 1176-77. *Dean* effectively changed the sentencing guidelines applicable to United States District Courts that issue sentences for § 924(c) convictions and their respective concomitant crimes, making modification of Mr.

---

[1] The Federal Bureau of Prisons (BOP) has only imposed three disciplinary sanctions on Mr. Chapman, all arising from a single, non-violent event involving group prayer and two short, benign emails. In 2009, Mr. Chapman prayed in a group of three men, ignorant of this action's prohibition by the BOP. When he was notified of its prohibition and that he would lose communication privileges as a result, Mr. Chapman immediately sent emails to his attorney and to his wife to notify them that he could not communicate with them once the loss of privileges occurred. When Mr. Chapman sent these emails, he did not realize that his communication privileges had already been revoked. These three actions – praying in a group of three, emailing his attorney, and emailing his wife – comprise the sum total of Mr. Chapman's disciplinary infractions during his fourteen-year incarceration within BOP custody. *See* Doc. 817 at ¶ 30.

[2] The Life Connections Program ("LCP") is the BOP's premier faith-based rehabilitation program. (*See* https://www.bop.gov/policy/om/002_2012.pdf) (last visited Apr. 1, 2018). There, Mr. Chapman received values and social responsibility training and skills training to help him form connections with people in the community. *Id*. The Federal Bureau of Prisons Life Connections Program Brochure is attached hereto as **Exhibit 1**.

Chapman's sentence appropriate here.[3] *See* 18 U.S.C. § 3582(c)(2). For the reasons outlined below, Mr. Chapman requests that the Court modify his sentence in light of *Dean*.

## Procedural and Factual Background

On March 4, 2004, the Court convicted Mr. Chapman of the following offenses: (1) one count of conspiracy charged under 18 U.S.C. § 371, (2) one count of conspiracy to provide material support in violation of 18 U.S.C. § 956, (3) one count of conspiracy to possess and use firearms in connection with a crime of violence in violation of 18 U.S.C. § 924(o), and (4) two counts of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). The Court initially sentenced Mr. Chapman to the following term of imprisonment: (1) 60 months for the 18 U.S.C. § 371 count, (2) 180 months for the 18 U.S.C. § 956 count, (3) 360 months for the 18 U.S.C. § 924(o) count, and (4) 300 months and 360 months for each of the respective 18 U.S.C. § 924(c) counts. *See* Doc. 543. The first through third sentences were to run concurrently, while the two sentences for the 18 U.S.C. § 924(c) counts were to run consecutively to the first three sentences and one another, leading to 1020 months total in the custody of the Federal Bureau of Prisons (BOP). *Id*. Following *United States v. Booker*, 543 U.S. 220 (2005), the Court resentenced Mr. Chapman to the following term of imprisonment: (1) 60 months for the 18 U.S.C. § 371 count, (2) 120 months for the 18 U.S.C. § 956 count, (3) 120 months for the 18 U.S.C. § 924(o) count, and (4) 300 months and 360 months for each of the respective 18 U.S.C. § 924(c) counts. *See* Doc. 600. Once again, the first through third sentences

---

[3] Concurrent with this motion, Mr. Chapman submits a motion requesting the Court to hold consideration of the merits of this motion in abeyance until after the Court has reached a decision on the merits of his currently pending Successive Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. Doc. 813. The Court has placed in abeyance the consideration of the merits of that motion pending resolution of the Supreme Court's decision in *Sessions v. Dimaya*, No. 15-1498. *See* Doc. 869.

have run concurrently, while the two sentences for the 18 U.S.C. § 924(c) counts are running consecutively to the first three sentences and one another. *Id*. For ease of the Court's reference, Mr. Chapman's initial and current sentences are detailed in the tables below:

Initial Sentence:

| Count | Sentence | Consecutive/concurrent |
|---|---|---|
| § 371 Conspiracy | 60 months | Concurrent |
| Material Support Conspiracy | 180 months | Concurrent |
| 924(o) | 360 months | Concurrent |
| 924(c) #1 | 300 months | Consecutive to three above |
| 924(c) #2 | 360 months | Consecutive to four above |

**TOTAL: 85 years (1020 months)**

Current Sentence:

| Count | Sentence | Consecutive/concurrent |
|---|---|---|
| § 371 Conspiracy | 60 months | Concurrent |
| Material Support Conspiracy | 120 months | Concurrent |
| 924(o) | 120 months | Concurrent |
| 924(c) #1 | 300 months | Consecutive to three above |
| 924(c) #2 | 360 months | Consecutive to four above |

**TOTAL: 65 years (780 months).**

Mr. Chapman has served fourteen years of his sentence, but he still faces more than fifty years in the custody of the BOP. During these fourteen years, Mr. Chapman, who suffers from an especially severe form of Type 1 diabetes, has endured troubling conditions of confinement with regard to his medical care since his sentencing. During both Mr. Chapman's initial sentencing hearing and his re-sentencing hearing after *Booker*, the Court expressed concern about the seriousness of his medical condition. *See* Sentencing H'rg (June 15, 2004), Tr. 94:18-20 ("[The BOP] need[s] to know that [Mr. Chapman has Type 1 diabetes] loud and clear so that [he] do[es] have access to a more sophisticated medical program than [he] would get in a regular [Federal Correctional Institution]), *attached hereto as* **Exhibit 2**; Re-Sentencing Hr'g (July 29, 2005), Tr.

36:7-14 ("[Mr. Chapman's] medical care is definitely of concern to the Court . . . . During the course of the trial, I know [he] regularly monitored [his] blood and [he was] able to take care of the diabetes. I will also note for the record that [he] looked healthier during . . . trial [than he does at the Resentencing Hearing]"), *attached hereto as* **Exhibit 3**.

Indeed, the BOP's inadequate treatment of Mr. Chapman's Type 1 diabetes has prompted this Court to intervene on his behalf. On August 2, 2005, after resentencing, this Court ordered that the BOP reexamine his designation and "designate him to the lowest security institution possible" due to his "extremely serious medical problems." Doc. 598. Subsequently, this Court recommended that Mr. Chapman be immediately transferred to the Federal Medical Center at Butner, North Carolina, following the BOP's complete removal of Mr. Chapman's access to life-sustaining insulin, resulting in a near-fatal clinical encounter. *See* Docs. 715, 716, 722. Additionally, this Court issued a letter directing counsel to investigate the medical issues raised in Mr. Chapman's letter to the Court and report findings on the BOP's ability to adequately provide medical care. Doc. 723. Despite the prior interventions of this Court, the BOP's treatment of Mr. Chapman has remained woefully inadequate, resulting in Mr. Chapman's request to be released on bond upon the filing of his pending motion pursuant to 28 U.S.C. § 2255 (*see* Doc. 817 at ¶¶ 22-28) and in Mr. Chapman's filing of a civil rights action seeking further judicial intervention to protect him from the BOP's constitutionally inadequate medical care.[4]

Since his conviction, Mr. Chapman has continued his quest for justice by requesting reconsideration of his conviction and sentence through every means available to him. After direct

---

[4] Mr. Chapman's civil rights action has survived summary judgment and is currently set for trial in December 2018. *See* **Exhibit 4** (Order on Summary Judgment); **Exhibit 5** (Minute Order Setting Trial).

appeal, Mr. Chapman first moved this Court to vacate, set aside his conviction, or correct his sentence under 28 U.S.C. § 2255 on May 21, 2008. Doc. 670. This Court denied Mr. Chapman's motion on December 23, 2009 (Doc. 725) and denied him a certificate of appealability on February 26, 2010 (Doc. 729). Subsequently, Mr. Chapman filed a successive § 2255 petition on May 3, 2016, after receiving permission to file from the Fourth Circuit Court of Appeals. Doc. 812; Doc. 813. Mr. Chapman's successive motion is now pending before this Court. *Id*. Now comes this request for relief.

## Standard of Review

Under 18 U.S.C. § 3582(c)(2), a court may modify a prior imposed sentence when the defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, so long as the reduction is consistent with applicable policy statements issued by the Sentencing Commission. Furthermore, in considering whether reduction is appropriate, the court should consider factors under 18 U.S.C. § 3553(a), which include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the established sentencing ranges; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3582(a).

## Argument

Mr. Chapman is currently serving a 780-month sentence that, coupled with his grave medical ailments, effectively constitutes a death penalty. During Mr. Chapman's sentencing hearing, this Court repeatedly remarked that this punishment was overly severe and that "there

are murderers who get far less time." **Ex. 2** at 83:10. Under *Dean*, this Court may now consider the mandatory sentences under § 924(c) in calculating a just punishment for the other crimes for which he was convicted. 137 S. Ct. at 1175. Mr. Chapman now seeks a reduced sentence and asks this Court to rectify the injustice that is no longer legally required.

    **I.    Following the ruling in *Dean*, this Court has authority to reduce Mr. Chapman's term of imprisonment to allow for a just sentence.**

In *Dean*, a criminal defendant moved to reduce his sentence on the grounds that the sentencing judge should have considered the mandatory minimum sentences imposed by his multiple convictions under § 924(c) in calculating the appropriate sentences for his other convictions. 137 S. Ct. at 1175. The Supreme Court, in a unanimous opinion, ruled that sentencing judges are permitted to consider mandatory sentences issued under § 924(c) when calculating an appropriate sentence for the predicate offenses. *Id*. at 1178. Furthermore, Justice Roberts noted that this result, wherein the *Dean* defendant asked for one-day sentences for his predicate offenses, provided for a significant downward variance from the Sentencing Guidelines for those particular offenses. *Id*. at 1175. Despite this necessary deviation from the sentencing guidelines, the Court concluded that the discretion of the sentencing judge is paramount in issuing a *just* sentence that comports with the factors laid out in 18 U.S.C. § 3553(a). *Id*. at 1176-7 (emphasis added).

Prior to the ruling in *Dean*, sentencing courts were required to consider § 924(c) offenses independently from their predicate crimes. *See* Sentencing Guidelines § 5G1.2(a) & comment (n.2(A)). However, *Dean* now marks an effective change in the Sentencing Guidelines in that sentencing Courts are permitted to evaluate § 924(c) offenses and subsequently deviate from the Sentencing Guidelines for the crimes associated with those convictions. This change to the

7

Sentencing Guidelines and their application justifies a modification of Mr. Chapman's sentence pursuant to 18 U.S.C. § 3582(c)(2).

    **II.**    **Post-*Dean*, this Court should amend Mr. Chapman's punishment to allow for a just sentence.**

Mr. Chapman's sentence initially imposed by this Court was and continues to be notably draconian by admission of all parties and the Court. *See* **Ex. 2** at 84:9-85:1. At the time of conviction, this Court issued concurrent sentences to Mr. Chapman under § 371 Conspiracy, Material Support to Conspiracy, and § 924(o) totaling 360 months. *See supra* at 4. Those concurrent sentences were subsequently lowered to a total of 120 months. *Id*. On top of those concurrent sentences, this Court was required under the two § 924(c) charges to issue two consecutive sentences totaling 660 months. *Id*. This Court commented that Mr. Chapman's sentence was "sticking in [its] craw" due to the overly severe punishment in light of Mr. Chapman's conduct. **Ex. 2** at 83:13-4. Moreover, this Court noted that these overly harsh sentences were pursuant to what it believed was "required by law." *Id*.

In *Dean*, the Supreme Court held that the sentencing guidelines permit a sentencing court to "consider a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense." *Id*. at 1178. The Court also explained that a court may, in order to arrive at a just sentence, issue a one-day sentence if it deems the mandatory sentences under § 924(c) sufficient to comport with the sentencing factors under § 3553(a). *Id*. at 1177. Thus, after the Supreme Court's decision in *Dean*, the length of Mr. Chapman's two concurrent sentences representing the § 924(c) predicate crimes (the § 371 Conspiracy and the Material Support Conspiracy) are no longer reasonably required, marking a deviation from the previous sentencing guidelines, effectively amending them to satisfy the requirements of § 3582(c)(2). *See Dean*, 137 S. Ct. at 1177.

Similarly, the Court can now reduce Mr. Chapman's sentence for his § 924(o) conviction to one day because Mr. Chapman's time to be served under the § 924(c) convictions "is already punishment enough." *Dean*, 137 S. Ct. 1170, 1178 (2017). An additional 120 months added to the 660-month total mandatory sentence does little to inform the considerations for purposeful punishment articulated in § 3553(a), discussed in more detail below. Moreover, as with the predicate offense sentences, nothing should "affect a court's discretion to consider a mandatory minimum when calculating an appropriate sentence" for each individual conviction. *Id.* at 1178.

At least one court has noted the overly harsh impact of § 924(c) sentences and used *Dean* as authority for reconsideration and modification of terms of imprisonment. In *United States v. Person*, the Southern District of Ohio convicted a defendant of Hobbs Act robbery and sentenced him to an aggregate of 506 months under multiple convictions related to carrying a firearm during a crime of violence under § 924(c). No. 16-4031, ---Fed. Appx. ---, 2017 WL 5191864, at *1 (6th Cir. Nov. 9, 2017). The Sixth Circuit remanded, instructing the district court to follow *Dean* and consider the existence of § 924(c)'s mandatory minimums when determining sentences on other counts. *Id.* at *4. The Court specifically noted that, at the time of sentencing, binding precedent required sentencing courts to hand down sentences without consideration of the 924(c) sentences. *Id.* at *5. Lastly, the Court commented that had the rule under *Dean* been established at the time of the defendant's sentencing, the District Court may have noted the long term of imprisonment imposed under § 924(c) and reduced the sentences for other counts accordingly.

The reasoning set forth in *Person* directly applies to Mr. Chapman's case. As this Court noted at the time of sentencing, the sentences required under the § 924(c) counts are notably lengthy and more than enough to serve as adequate punishment for the conduct underlying Mr. Chapman's conviction. As such, this Court should reduce the penalties imposed under the counts

for § 371 Conspiracy, Material Support Conspiracy, and § 924(o), reducing Mr. Chapman's sentence to the time mandatorily imposed by § 924(c) plus one day. This reduction reduces Mr. Chapman's remaining sentence from 51 years to 41 years, undoubtedly a more just result given the factors outlined by 18 U.S.C. § 3553(a).

      **III.**    **Mr. Chapman's circumstances warrant the reduction of his sentence pursuant to § 3553(a).**

Mr. Chapman contends that his 780-month, *de facto* life sentence, is excessive given the conduct underlying his original conviction, his medical care status, and the time he has already served. The balance of the relevant factors to be considered under § 3553(a) clearly justify a sentence reduction in Mr. Chapman's case.

As an initial matter, this Court has noted that the nature and circumstances of Mr. Chapman's convictions, which relied heavily upon circumstantial evidence, were mild in comparison to the punishment he received. *See* **Ex. 2** at 12:13. Under § 3582(a), when reducing a term of imprisonment, this Court should consider the nature and circumstances of Mr. Chapman's offense as well as his history and characteristics. *See* 18 U.S.C. § 3553(a)(1). Furthermore, this Court also should consider the need for the sentence imposed, in terms just punishment, as well as the need to protect the public. *See* 18 U.S.C. § 3553(a)(2). For Mr. Chapman, a reduction in his three concurrent sentences to one-day comports with each of these relevant factors under § 3553(a).

First, as affirmatively noted by this Court, the circumstances of Mr. Chapman's convictions turned largely on the "applicability of certain legal principles," to the actual facts of the case. **Ex. 2** at 12:16-20. The nature of Mr. Chapman's convictions for conspiracy relied heavily upon his involvement with a paintball group formulated in Northern Virginia. *United States v. Khan*, 309 F. Supp. 2d 789, 803-6 (E.D. Va. 2004), *aff'd in part, remanded in part*, 461

10

F.3d 477 (4th Cir. 2006), *as amended* (Sept. 7, 2006). The Court determined the paintball group's existence supported a finding of conspiracy because of its secrecy, religious affiliation, and intensity. *Id*. For Mr. Chapman specifically, the Court commented that his role as a team leader who used prior military experience to prepare team members in the paintball group supported the conspiracy conviction. *Id*. at 805-6. To add support for the conspiracy convictions, the Court also considered Mr. Chapman's visit to a Lashkar-e-Taiba ("LET") camp.[5] *See id*. at 807-9. Lastly, in support of the conspiracy to provide material support count, the Court noted that Mr. Chapman purchased video equipment for a model airplane on behalf of a man he met at the LET camp. *Id*. at 812. When considering the nature of the paintball group and visit to a LET camp, the Court deemed credible some pieces of witness testimony. *Id*. at 805, 808.

Indeed, much of the reasoning supporting conviction, as stated in *Khan*, relies on the Court's credibility assessments of certain witness characterizations of what might otherwise be viewed as benign actions in another context. Nevertheless, nothing about this witness testimony supports the conclusion Mr. Chapman affirmatively or definitively engaged in violent conduct that harmed another person. As the Court clearly recognized at the time of conviction, Mr. Chapman's behavior does not warrant the strictest punishments available to this Court, which are generally reserved for the most heinous and violent criminals. Additionally, prior to his indictment, Mr. Chapman had no criminal history. *See* Presentence Report (April 30, 2004) at 47, *attached hereto as* **Exhibit 6**.

Second, any need to punish Mr. Chapman by a term of imprisonment is clearly satisfied by the mandatory minimum sentences imposed by the § 924 (c) convictions. Commenting on Mr.

---

[5] Importantly, Mr. Chapman's visit to the LET camp occurred *before* the organization was designated as a terrorist organization by the State Department. *See* https://www.state.gov/documents/organization/65479.pdf, at 207-08, last visited Apr. 1, 2018.

11

Chapman's excessive and unjust sentence, this Court noted that "if [it] had control, this would be a very different sentence." **Ex. 2** at 88:18-22.

Finally, reduction is likewise appropriate in light of § 3553(2)(D)'s admonition that a sentencing court should consider the medical care required by a defendant and that such medical care be provided in the most effective manner in calculating an appropriate sentence. As outlined above, Mr. Chapman suffers from a grave medical condition that has proven to be problematic while in federal custody. *See supra at* 4-5. As such, a reduction is needed to provide Mr. Chapman with "needed medical care." § 3553(2)(D).

Considering the relevant factors outlined in § 3553, it remains evident that the imposition of § 924(c) sentences on top of three concurrent sentences marks a gross injustice sufficient to support reduction, particularly in light of the Supreme Court's clear clarification of the law in *Dean*. The Eastern District of New York faced a similar grossly unjust sentencing situation in *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). In *Holloway*, a criminal defendant convicted of carjacking served 20 years in federal custody due to multiple "stacked" sentences from § 924(c) charges. *Id*. at 316. After multiple attempts by the defendant to collaterally attack his conviction and sentence via petitions under § 2255, the court noted the proportionally unfair impact of multiple consecutive sentences under § 924(c), requested that the United States Attorney's Office reconsider its position on his sentence, and ultimately granted his motion to modify term of imprisonment, reducing his sentence and releasing him from federal custody. *Id*. at 312, 315.

Like the defendant in *Holloway*, Mr. Chapman faces the disproportionately harsh penalties that come with "grotesquely severe sentences" handed down under § 924(c). *Id*. at 317. Additionally, he has served a great deal of time in federal custody at the dismay of this Court. As

with *Holloway*, Mr. Chapman's conduct during his time served in federal custody should be weighed when considering the length of his remaining sentence under the two convictions for § 924(c) in order to determine a fairer sentence in light of the conduct underlying the crimes for which he was convicted and to award Mr. Chapman a degree of "belated justice." *Id*.

In Mr. Chapman's case, *Dean* offers not only guidance in sentencing and punishment when dealing with multiple § 924(c) sentences, but it also permits a sentencing court to downwardly depart or reduce sentences for predicate and concurrent offenses when the court deems the 924(c) sentences sufficiently severe under § 3553(a). Mr. Chapman has already served fourteen years in federal custody and continues to fight to survive the BOP's failure to properly treat his severe Type 1 diabetes while incarcerated. Due to his serious medical condition, Mr. Chapman has had several near-fatal episodes, and even required intervention from this Court to acquire insulin—a basic medical need for diabetes. As such, like the defendant in *Holloway*, Mr. Chapman has demonstrated that his current sentence continues to impose a gross injustice as this Court recognized so long ago. Thus, a reduction of his sentence in light of *Dean* is appropriate and in the interests of justice.

## Conclusion

For the foregoing reasons, the Supreme Court has now vested this Court with authority under *Dean* to reduce Mr. Chapman's sentences for § 371 Conspiracy, Material Support to Conspiracy, and § 924(o). This court should accordingly reduce Mr. Chapman's three concurrent sentences to make "the law and justice [] in tune." **Ex. 2** at 83:16. Mr. Chapman now respectfully asks this Court to resentence him in light of *Dean* to the following, modified term of imprisonment:

Proposed New Sentence:

| Count | Sentence | Consecutive/concurrent |
|---|---|---|
| § 371 Conspiracy | 1 day | Concurrent |
| Material Support Conspiracy | 1 day | Concurrent |
| 924(o) | 1 day | Concurrent |
| 924(c) #1 | 300 months | Consecutive to three above |
| 924(c) #2 | 360 months | Consecutive to four above |

**TOTAL: 55 years + 1 day (660 months + 1 day).**

For the reasons outlined in this motion, resentencing Mr. Chapman in this manner would further the interests of justice.

Respectfully submitted,

| | |
|---|---|
| *s/ Gerald Thomas Zerkin* | *s/ Nicole B. Godfrey* |
| Gerald Thomas Zerkin | Nicole B. Godfrey |
| Attorney-At-Law | *Admitted Pro Hac Vice* |
| Virginia Bar #16270 | University of Denver |
| 2025 E. Main Street, Ste. 108 | Student Law Office |
| Richmond, VA 23223 | 2255 E. Evans Ave., Ste. 335 |
| (804) 921-4885 | Denver, CO 80208 |
| zerkingt@msn.com | (303) 871-6574 |
| | ngodfrey@law.du.edu |

## **CERTIFICATE OF SERVICE**

  I hereby certify that on April 3, 2018, I electronically filed the foregoing with the Clerk of the Court for the Eastern District of Virginia using the CM/ECF system, which will send notification of such filing to the following:

Gordon D. Kromberg, Esq.
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314

David Howard Laufman, Esq.
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314

                *s/ Gerald Thomas Zerkin*__
                Gerald Thomas Zerkin
                Attorney-At-Law
                Virginia Bar #16270
                2025 E. Main Street, Ste. 108
                Richmond, VA 23223
                (804) 921-4885
                zerkingt@msn.com