**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| **SEIFULLAH CHAPMAN,** | |
| Movant, | |
| | **Criminal Case No. 1:03-cr-296-A** |
| v. | |
| **UNITED STATES OF AMERICA,** | |
| Respondent | |

**REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

Defendant SEIFULLAH CHAPMAN, through counsel, submits the following Reply to Government's Opposition to Motion for Early Termination of Supervised Release. ECF No. 942. In support thereof, Mr. Chapman states as follows:

**INTRODUCTION**

18 U.S.C. § 3583(e)(1) allows this Court to modify a term of supervised release "at any time after the expiration of one year of supervised release. . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." To assist the Court's determination of whether the conduct of the defendant and the interests of justice warrant early termination, Section 3583(e) directs the Court to eight sentencing factors set forth in 18 U.S.C. § 3553(a). In its opposition to Mr. Chapman's motion, the government does not contest that Mr. Chapman has served one-year of his term of supervised release, nor does it contest that Mr. Chapman has demonstrated good post-release conduct during the sixteen months of his supervised

release. ECF No. 943 at 3. Rather, the government focuses its argument on the interest of justice. ECF No. 946 at 2. But, in arguing that termination of the term of Mr. Chapman's supervised release is not in the interests of justice, the government focuses its argument only on one *part* of one sentencing factor—the nature and circumstances of Mr. Chapman's original offense—and ignores the other factors outlined in Section 3583(e). ECF No. 946 at 7.

But, for the reasons outlined below, the government's argument relating to the nature and circumstances of Mr. Chapman's original convictions is flawed and, standing alone, cannot serve as the basis to continue Mr. Chapman's supervised release. The government's singular focus on only one part of one factor is squarely at odds with Fourth Circuit precedent, which instructs the Court to "consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period." *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999). Consideration of all the factors outlined in Section 3553 demonstrates that early termination of supervised release is in the interests of justice in this case.

## I. MR. CHAPMAN'S CONVICTIONS WERE FOR NON-VIOLENT CONDUCT THAT RESULTED IN NO HARM TO PERSON OR PROPERTY.

The bulk of the government's opposition brief seeks to convince the Court that Mr. Chapman's convictions are so serious that early termination of supervised release would "undermine the interests of justice." ECF No. 946 at 6–11. Not so. As an initial matter, Mr. Chapman does not dispute the seriousness of his convictions. Rather, he asserts that his convictions were "non-violent" and did not "result in harm to the person or property of another." ECF No. 943 at 5. In doing so, Mr. Chapman relies on this Court's analysis in its Memorandum Opinion on Mr. Chapman's Section 2255 petition. ECF No. 914 at 22. Therein, the Court re-examined the conduct underlying his convictions and ultimately held that "none of [Mr. Chapman's] actions involved either [his] actual use of force or a substantial risk that [he] would use force." *Id.* at 30.

The government criticizes Mr. Chapman's reliance on this Court's analysis of Mr. Chapman's conduct by arguing that such analysis utilized the flawed *categorical* approach. ECF No. 946 at 7. However, there is an apparent logical flaw in the government's argument—the Court did not employ the categorical approach in its Memorandum Opinion granting Mr. Chapman's Section 2255 petition. ECF No. 914 at 29–30. Instead, *at the government's urging* (*see* ECF No. 908 at 12; ECF No. 914 at 29), the Court utilized a *conduct-specific* analysis to determine that the actions underlying Mr. Chapman's convictions did not rise to the level of a "crime of violence." ECF No. 914 at 29–30. Accordingly, the Court's finding that Mr. Chapman's conduct did not rise to a crime of violence directly supports Mr. Chapman's assertion that the nature and circumstances of his convictions were "for non-violent conduct that did not result in harm to the person or property of another." ECF No. 943 at 5.

Even if the Court finds the nature and circumstances of Mr. Chapman's crimes to be so serious that consideration of this factor supports continuation of the period of supervised release, the analysis does not end with that conclusion. Section 3583(e) guides the court to consider seven other sentencing factors enumerated in Section 3553(a). Mr. Chapman respectfully submits to the Court that the consideration of these seven other factors outweigh any concerns it has about the nature and circumstances of his convictions, as discussed in the following section.

II.   **THE BALANCE OF THE SECTION 3553 FACTORS DEMONSTRATES THAT THE INTERESTS OF JUSTICE SUPPORT EARLY TERMINATION OF SUPERVISED RELEASE.**

To end a period of supervised release early, the Court must be satisfied that termination "is warranted by the conduct of the defendant released *and* the interest of justice." 18 U.S.C. § 3583(e)(1) (emphasis added). Under the terms of the statute, to reach this conclusion, the Court should consider the sentencing factors, conduct of the defendant, and the interest of justice. 18

U.S.C. § 3583(e); *Pregent*, 190 F.3d at 283. Courts need not rely on only one factor. *Id*. As Mr. Chapman detailed in his Memorandum in Support of Motion for Early Termination of Supervised Release Pursuant to 18 U.S.C. § 3583(e)(1), an examination of the entirety of the sentencing factors outlined in Section 3583(e) demonstrates that Mr. Chapman's conduct *and* the interests of justice support early termination here. ECF No. 943 at 17-18. The government's arguments to the contrary are unavailing. Below, each of the government's arguments are addressed in turn, followed by a summary of the weight of all relevant factors under the terms of the statute.

Initially, the government asserts that good behavior is not a sufficient reason for early termination of supervised release. ECF No. 946 at 3. Mr. Chapman agrees that good behavior *alone* is not enough, but he is not asking the Court to consider only his good behavior to conclude that continued supervision is unnecessary. Rather, Mr. Chapman requests the Court consider all relevant factors when assessing his conduct and the interests of justice. *See* ECF No. 943 at 4-5, 10. Such factors include his characteristics as a hard-working family man (18 U.S.C. § 3553(a)(1)), the deterrence provided by the length and circumstances of his time in prison (18 U.S.C. § 3553(a)(2)(B)), the rehabilitation reflected by his post-release conduct (18 U.S.C. § 3553(a)(2)(C)), and the lack of restitution imposed in his case (18 U.S.C. § 3553(a)(7)).

Second, the government contends that the five-year discrepancy between the time Mr. Chapman served and the sentence imposed for his remaining valid convictions is not a basis for early termination of his supervised release. ECF No. 946 at 4-5. Mr. Chapman agrees; he is not asking the Court to terminate his supervised release *solely* due to the additional time he served beyond his sentence. Mr. Chapman is instead asking this Court to recognize that this excess time in prison operated as a sufficient deterrent under Sections 3583(e) and 3553(a)(2)(B). Similarly, Mr. Chapman describes issues with his medical care during his incarceration to demonstrate that

he faced many difficult conditions in prison, and that any reasonable person would be deterred from criminal conduct by subjugation to such conditions. Thus, Mr. Chapman does not argue that the substandard medical care he received in prison nor the additional five years he served justify early termination of his supervised release on their own. Rather, these realities are relevant to the Court's analysis of whether Mr. Chapman's sentence "afford[ed] adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Because the conditions of Mr. Chapman's term of imprisonment provided adequate deterrence, this factor supports termination of supervised release.

Indeed, consideration of *all* of the factors relevant to the inquiry set forth by 18 U.S.C. § 3583(e) makes clear that the purpose of supervised release has been met here. Supervised release is used to further a defendant's rehabilitation and encourage a successful transition from prison. *United States v. Johnson*, 529 U.S. 53, 59; *United States v. Johnson*, 529 U.S. 694, 708-709 (2000). Mr. Chapman does not contest the seriousness of his convictions, but the conduct underlying those convictions was not violent in nature. 18 U.S.C. § 3553(a)(1); *see also* ECF No. 943 at 5. Mr. Chapman is a devoted husband and father who works to support his family while managing his severe Type 1 Diabetes. ECF No. 943 at 14-15. He competes in jiu-jitsu competitions, steadfastly adheres to his religion, and is fully compliant with the terms of his supervised release. ECF No. 943 at 11, 14-16. Thus, Mr. Chapman's characteristics support early termination of supervised release. *See* 18 U.S.C. § 3553(a)(1) (calling for consideration of not only "the nature and circumstances of the offense" *but also* the "history and characteristics of the defendant").

Moreover, Mr. Chapman spent nearly fifteen years in federal custody, during which he struggled to treat his Type 1 diabetes. *See* ECF No. 943 at 2. A sentence of that length and under those conditions is a sufficient deterrent from future criminal activity for anyone. *See* 18 U.S.C. § 3553(a)(2)(B). Mr. Chapman has no recent arrests or convictions and has no interest in

participating in future criminal activity—he is a peaceful and productive member of society. ECF No. 943 at 18; *see also* 18 U.S.C. § 3553 (a)(2)(C). Finally, Mr. Chapman has no outstanding restitution orders. ECF No. 914 at 30; ECF No. 561 at 97:17-21; 18 U.S.C. § 3553(a)(7). Thus, consideration of all of the relevant factors included in Section 3553 makes clear that the rehabilitative purpose of supervised release has been met here, and the interests of justice support the termination of supervised release for Mr. Chapman.

The government cites to a number of cases confirming the rehabilitative purpose of supervised release.[1] Mr. Chapman has demonstrated that such a rehabilitative purpose has been served here. Mr. Chapman's success in transitioning into the community is apparent in his excellent post-release conduct and focus on his family, job, health, and faith. Further post-confinement supervision is unnecessary and not in the interest of justice because the goal of rehabilitation has been achieved.

## CONCLUSION

For these reasons, and those laid out in the memorandum supporting his motion, Mr. Chapman respectfully requests that this court enter an order for early termination of his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1).

---

[1] Notably, however, the cases cited by the government involved challenges to the imposition of supervised release or to the revocation of supervised release. *See , e.g., United States v. Johnson*, 529 U.S. 53 (2000) (denying relief to a defendant challenging a term of supervised release not yet served because the rehabilitative purpose of supervised release had not been achieved); *United States v. Buchanan*, 638 F.3d 448 (4th Cir. 2011) (denying relief to a defendant who absconded from federal supervision and challenged revocation of a term of supervised release, noting that supervised release improves the odds of a successful transition from prison to liberty and defendant had not shown he successfully transitioned).

Respectfully submitted,

| | |
|---|---|
| *s/ Gerald Thomas Zerkin* | *s/ Nicole Godfrey* |
| Gerald Thomas Zerkin | Nicole Godfrey, *Admitted Pro Hac Vice* |
| Attorney-At-Law | Taylor Volkman, *Student Attorney* |
| Virginia Bar #16270 | Annika Adams, *Student Attorney* |
| 2025 E. Main Street, Ste. 108 | Susannah Rogers, *Student Attorney* |
| Richmond, VA 23223 | University of Denver College of Law |
| (804) 921-4884 | Student Law Office | Civil Rights Clinic |
| zerkingt@msn.com | 2255 E. Evans Ave., Ste. 335 |
| | Denver, CO 80208 |
| | (303) 871-6441 |
| | ngodfrey@law.du.edu |

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2019, I electronically filed the foregoing with the

Clerk of Court for the Eastern District of Virginia using the CM/ECF system, which will send

notification of such filing to the following:

Gordon D. Kromberg, Esq.
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314

David Howard Laufman, Esq.
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314

John Thomas Gibbs, Esq.
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314

$\qquad\qquad\qquad\qquad$ _s/ Gerald Thomas Zerkin_
$\qquad\qquad\qquad\qquad$ Gerald Thomas Zerkin
$\qquad\qquad\qquad\qquad$ Attorney-At-Law
$\qquad\qquad\qquad\qquad$ Virginia Bar #16270
$\qquad\qquad\qquad\qquad$ 2025 E. Main Street, Ste. 108
$\qquad\qquad\qquad\qquad$ Richmond, VA 23223
$\qquad\qquad\qquad\qquad$ (804) 921-4885
$\qquad\qquad\qquad\qquad$ zerking@msn.com