IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   1:03-cr-296 (LMB) |
| | ) |
| SEIFULLAH CHAPMAN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Through counsel, defendant Seifullah Chapman ("defendant" or "Chapman") has filed a Motion for Early Termination of Supervised Release [Dkt. No. 942] pursuant to 18 U.S.C. § 3583(e)(1), to which the government has filed an opposition principally focusing on the nature and circumstances of the offenses of which the defendant was found guilty. Although that is one of the factors the Court must consider under 18 U.S.C. § 3553(a), it is neither the only one nor the dispositive one. The Court must also consider a variety of other factors, including the history and characteristics of the defendant, the need for the sentence (in this case the continued supervised release) to afford adequate deterrence, the need to protect the public from future crimes by the defendant, defendant's need for educational or vocational training, medical care, or other treatment, and the kinds and ranges of sentences under the guidelines. 18 U.S.C. § 3553(a). For the Court to grant the motion, the defendant must have already served at least one year of supervised release, and the Court must also be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

As defendant's memorandum and exhibits show, terminating his supervised release at this time fully satisfies all of these other factors. Chapman has already served approximately

eighteen months of supervised release, which represents approximately one half of his three-year period of supervision. His lengthy prison sentence of almost fifteen years, during which he struggled to treat his Type 1 diabetes and lived for a stretch of time in near complete isolation, had significant deterrent value. Because the Court ultimately vacated three of his convictions many years into his sentence, he served almost 57 months longer than his remaining convictions required. While in prison, he participated in rehabilitative classes and programs, and unlike many defendants, he maintained strong family ties with his wife and children. Chapman's conduct after his release reflects his rehabilitation and successful reintegration into society, and suggests that the risks of recidivism are low. Since his release, he has lived with his family and has been steadily employed. The probation officer supervising Chapman has advised the Court that he has been in full compliance with all conditions of supervision. The officer does not oppose early termination. Chapman, a veteran, has also faced difficulties in obtaining medical care for his diabetes while on supervised release, because when he needs to visit a veterans' hospital in the District of Columbia, he must obtain permission to travel across state lines.

The government contends that Chapman's good behavior while on supervised release, "[o]ver-[s]ervice" of his sentence, and medical condition are each individually insufficient to justify early termination of supervised release, [Dkt. No. 946], but the Court is not considering any of those factors in isolation. The Court is fully satisfied, after having considered those factors in combination with the others enumerated above, that granting Chapman early termination of supervised release is appropriate and serves the interests of justice. Accordingly, defendant's Motion for Early Termination of Supervised Release [Dkt. No. 942] is GRANTED; and it is hereby

ORDERED that pursuant to 18 U.S.C. § 3583(e)(1), the three-year term of supervised release imposed on June 15, 2004 be and is TERMINATED, and the defendant be and is discharged as of this date from any further supervision.

The Clerk is directed to forward copies of this Order to counsel of record and the United States Probation Office.

Entered this 22 day of January, 2020.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge

3